**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 06-cv-02488-REB

SAMMY D. ALBRO,

    Plaintiff,

v.

MICHAEL J. ASTRUE,[1] Commissioner of Social Security,

    Defendant.

**ORDER AFFIRMING COMMISSIONER**

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#3], filed December 12, 2006, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he is disabled as a result of low back and hip pain and depression. After his application for disability insurance benefits and supplemental

---

[1] Michael J. Astrue was confirmed by the United States Senate to replace Jo Anne Barnhart as the Commissioner of Social Security on February 1, 2007. Thus, he is substituted as the defendant in this suit. **FED.R.CIV.P.** 25(d)(1). By virtue of the last sentence of 42 U.S.C. § 405(g), no further action need to taken to continue this lawsuit.

security income was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on November 10, 2005. At the time of the hearing, plaintiff was 58 years old. He has a high school education and past relevant work experience as a landscaper, maintenance worker, and dishwasher. He has not engaged in substantial gainful activity since October 5, 2003.

The ALJ found that plaintiff was not disabled and, therefore, not entitled to disability insurance benefits. The ALJ concluded that plaintiff's mental impairment was not severe. Although the medical evidence established that plaintiff suffered from severe musculoskeletal impairments, the judge concluded that the severity of such impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found that plaintiff had the residual functional capacity to perform a full range of medium work and therefore could perform his past relevant work. Alternatively, using the Medical-Vocational grids as a framework for decision making, the ALJ determined that there were jobs existing in significant numbers in the national economy that plaintiff could perform given his residual functional capacity. He, therefore, found plaintiff not disabled at steps four and five of the sequential evaluation. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42

U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  *See* **Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity.  A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual

functional capacity.

20 C.F.R. § 404.1520(b)-(f).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  **Id.**  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  **Casias v. Secretary of Health & Human Services**, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  **Hamilton v. Secretary of Health and Human Services**, 961 F.2d 1495, 1497-98 (10th Cir. 1992); **Brown v. Sullivan**, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  **Brown**, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  **Hedstrom v. Sullivan**, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  **Musgrave v. Sullivan**, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh

the evidence or substitute its discretion for that of the Commissioner.  *Id.*

### III. LEGAL ANALYSIS

Plaintiff essentially presents three arguments on appeal.  First, he contends the ALJ erred in concluding that his mental impairment was not severe at step two of the sequential evaluation.  Second, he maintains that the ALJ's determination of his residual functional capacity is not based on substantial evidence.  Third, he challenges the ALJ's failure to fully credit his allegations of disability.  None of these contentions merits reversal of the Commissioner's disability decision.

Although plaintiff's burden at step two to show that this condition is severe is *de minimis*, he must do more than show the mere presence of an impairment.  ***Williamson v. Barnhart***, 350 F.3d 1097, 1100 (10th Cir. 2003).  An impairment is "severe" if it "significantly limits [the] physical or mental ability to do basic work activities."  20 C.F.R. § 404.1520(c).  An impairment is properly found not severe when the "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered."  **Social Security Ruling** 85-28, 1985 WL 56856 at *3 (SSA Nov. 20, 1984).

The evidence of plaintiff's depression is exceedingly slight.  The record before the ALJ revealed only two visits to Dr. William T. Moore for treatment of this condition.[2] In December, 2004, Dr. Moore noted that plaintiff's "depression is somewhat improved

---

[2] Although these are the only treatment notes referencing plaintiff's depression, they suggest that plaintiff had been treated for this condition at some time in the past as well. (***See*** Tr. 126 (noting that plaintiff's depression was "somewhat improved").)

5

without suicidal ideation." Although plaintiff appeared "moderately disheveled and unkempt," Dr. Moore also described him as being "appropriately attired." Plaintiff's affect was noted to be "full range and euthymic even though one gets the idea that he has 'given up.'" Despite his concern about plaintiff's "isolationist attitude," Dr. Moore concluded that he was "relatively stable." (Tr. 126-127.)  When plaintiff returned for a follow up visit six months later, plaintiff's "depression ha[d] improved" and he was "doing quite well on his present medication." Dr. Moore further noted that plaintiff appeared "neat, well groomed, appropriately attired," and described him as "verbal" and "productive."  (Tr. 130.)

Given this evidence, I cannot say that the ALJ erred in concluding that plaintiff's depression did not constitute a severe mental impairment. Nothing in Dr. Moore's treatment notes suggests that depression had more than a minimal impact on plaintiff's ability to do basic work activities. The condition clearly was well controlled with medication.  **See Pacheco v. Sullivan**, 931 F.2d 695, 698 (10th Cir. 1991).[3] Nor did the Appeals Council err in failing to remand to the ALJ for further consideration of Dr. Moore's psychiatric residual functional capacity assessment, completed after the ALJ's decision. This brief, conclusory opinion, which appears at odds with Dr. Moore's own treatment notes, would not have changed the outcome of the hearing decision.  **Frey v. Bowen**, 816 F.2d 508, 513 (10th Cir. 1987) (treating source's opinion may be rejected if

---

[3] Moreover, the mere paucity of the evidence supporting plaintiff's claim of disabling depression did not oblige the ALJ to recontact Dr. Moore. That duty is triggered only when the ALJ is unable to reach a conclusion regarding disability based on the evidence before him.  **See White v. Barnhart**, 287 F.3d 903, 908 (10th Cir. 2001).  Such was not the case here.

it is brief, conclusory, or unsupported by the medical evidence).

Plaintiff next claims that the ALJ erred in basing his residual functional capacity determination on the opinions of the consultative examiner and the non-examining state agency medical consultant.  (*See* Tr. 23,102-105, 111-118.)[4]  Plaintiff's chief complaint in this regard is that the ALJ did not have the benefit of Dr. Moore's competing residual functional capacity assessment, which suggested a far more limited range of physical abilities.  (Tr. 141-145.)  As noted above, however, Dr. Moore's opinion is not of such a nature as to warrant disturbing the ALJ's residual functional capacity assessment.  Moreover, and assuming *arguendo* that the opinion of a psychiatrist as to a claimant's physical capabilities would be entitled to any weight in the ALJ's analysis, the determination of residual functional capacity is an administrative decision reserved to the Commissioner.  *See* 20 C.F.R. §§ 404.1546 & 416.946; ***Rutledge v. Apfel***, 230 F.3d 1172, 1175 (10th Cir. 2000).

Finally, I find the ALJ's assessment of plaintiff's credibility fully supported by the record.  "[C]redibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence."  ***White v. Barnhart***, 287 F.3d 903, 909 (10th Cir. 2001) (citing ***Kepler v. Chater***, 68 F.3d 387, 390-91 (10th Cir. 1995)).  So long as the ALJ links his credibility assessment to specific evidence in the record, his determination is entitled to substantial deference.  *Id.* at 910; *see also* ***Qualls v. Apfel***, 206 F.3d 1368, 1372 (10th Cir. 2000).  The ALJ more than adequately

---

[4] Plaintiff also complains that the consultative examiner, Dr. Bret Barney, reviewed only plaintiff's Personal Pain Questionnaire.  (*See* Tr. 65-66, 102.)  Given that Dr. Barney personally examined plaintiff, this complaint rings hollow.

7

met that standard here. He was not required to undertake the type of mechanical incantation of the evidence on which plaintiff insists. ***See Qualls***, 206 F.3d at 1372.

**THEREFORE, IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff is not disabled is **AFFIRMED**.

Dated June 25, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**